IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHERYL TROKEY,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| **D.H. PACE COMPANY, INC., d/b/a** **Overhead Door Company of St. Louis, Inc.,** **and OVERHEAD DOOR CORPORATION,** **d/b/a W.B. McGuire Company,** | ) ) ) ) ) |
| Defendants. | ) ) |
| **D.H. PACE COMPANY, INC.** | ) ) |
| Third-Party Plaintiff, | ) ) |
| v. | ) ) |
| **TITAN CONTRACTORS SERVICE CORPORATION**, | ) ) ) |
| Third-Party Defendant. | ) ) |

Civil No. **04-815-DRH**

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is Defendant D.H. Pace Company, Inc's Motion to Compel Plaintiff to Submit to a Vocational Rehabilitation Interview. **(Doc. 45)**. Plaintiff filed an Objection. **(Doc. 46)**.

Defendant seeks a rehabilitation interview pursuant to **Fed.R.Civ.P. 35.** Defendant proposes to have plaintiff interviewed by James England. Mr. England is a Board Certified Rehabilitation Counselor and is licensed in the State of Illinois as a Clinical Professional Counselor, as shown by his curriculum vitae, attached to the Motion as Exhibit B. He has a

1

Masters of Education in Rehabilitation Counseling from University of Missouri at Columbia.  Mr. England has been employed in the field of rehabilitation counseling for about twenty years.

Plaintiff's physical condition and resulting ability (or inability) to work are in issue in this case.  In her deposition, she testified that she has been unable to work since the accident.  See, Exhibit A, attached to Doc. 45.

Defendant proposes that Mr. England will interview plaintiff and review her medical, employment, and educational history with her.  He will not do any physical examination or testing, but will "simply question the plaintiff regarding her physical capabilities and/or limitations."  Doc. 45, ¶14.  Defendant proposes that counsel for plaintiff will be allowed to attend the interview.  Doc. 45, ¶15.

Plaintiff objects to submitting to the interview.  She first mentions that the third party defendant has had her examined by a physician.  That is irrelevant.  This is a motion by the defendant, not the third party defendant, and, in any event, there is no per se rule that a party is limited to only one medical examination.  **See,** *Miksis v. Howard*, **106 F.3d 754, 756 (7th Cir. 1997)**, and cases cited therein.

**Rule 35** contemplates that the examinations may be conducted by  "certified or licensed professionals, such as dentists or occupational therapists, who are not physicians or clinical psychologists, but who may be well-qualified to give valuable testimony about the physical or mental condition that is the subject of dispute."  **See Rule  35, Advisory Committee Notes, 1991 Amendment.**  The Court finds that Mr. England is suitably licensed and qualified to perform a vocational examination of plaintiff, and that such an examination is warranted here.

Plaintiff opposes the interview not because Mr. England is unqualified, but because he is "biased.." According to Plaintiff, Mr. England is a "defense expert whose work largely relates to offering testimony on behalf of Brown & James and other defense law firms that the most grievously injured persons are able to return to work." **Doc. 46, ¶2.** The Court overrules plaintiff's objection. Mr. England is suitably licensed and qualified. His bias, if any, is not grounds to deny the motion. Plaintiff will have the opportunity to expose his alleged bias on cross-examination.

The Court also rejects plaintiff's suggestion that defense counsel should ask the questions for Mr. England in plaintiff's supplemental deposition. Rule 35 provides for an examination of the plaintiff, not merely a review of her deposition.

The rehabilitation interview should not, of course, be used as an additional opportunity to question plaintiff about matters that are not directly related to the purpose of the interview. The Court is not going to attempt to micro-manage the interview. Mr. England will be allowed to ask the questions that he feels are necessary and appropriate to conduct a meaningful interview, recognizing that his role is not to attempt to re-depose plaintiff. As is noted above, defendant has offered to allow plaintiff's attorney to attend the interview to minimize the danger of improper questioning.

Upon consideration and for good cause shown, Defendant D.H. Pace Company, Inc's Motion to Compel Plaintiff to Submit to a Vocational Rehabilitation Interview **(Doc. 45)** is **GRANTED**.

Plaintiff is ordered to appear for a vocational rehabilitation interview by James England at the time and place specified in defendant's motion.

Defendant is ordered to reimburse plaintiff for her reasonable expenses incurred in appearing for the interview, and to supply plaintiff's counsel with a copy Mr. England's report.

**IT IS SO ORDERED.**

**DATE:  March 14, 2006.**

<u>s/ Clifford J. Proud</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**